UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard J. Hettler, personally,
and as fiduciary for Capital Asset
Management Group, LLC,
as its trustee,

        Plaintiff,

v.

Thomas Petters, and
Petters Company, Inc.,

        Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 02-1837 ADM/SRN

---

Richard J. Hettler, *pro se*.

Andrew L. Marshall, Esq., Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, MN, on behalf of Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Defendants Thomas Petters and Petters Company, Inc.'s (collectively, "Defendants"), Motion for Summary Judgment [Docket No. 10]. For the reasons set forth below, the Motion is granted.

## II. BACKGROUND

Plaintiff Richard J. Hettler's ("Plaintiff") claims in this case are based on several promissory notes purportedly executed by the Defendants. Plaintiff alleges that Defendants initially executed seven such notes, and that those notes were later "rolled" into two new notes. Plaintiff appears to argue that he is the proper payee of these two notes, the "Petters Notes," and that Defendants have defaulted on their obligations under the terms of those notes. Plaintiff also seems to assert that Defendants fraudulently induced him to make certain loans to them by

misrepresenting their intent and ability to repay such loans. Plaintiff's Complaint alleges that "Defendants owe plaintiff the amount of said notes plus interest." Compl. ¶ 6.

### III. DISCUSSION

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). Further, "the mere existence of some alleged factual dispute between the parties is not sufficient by itself to deny summary judgment .... Instead, 'the dispute must be outcome determinative under prevailing law.'" Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992) (citation omitted).

This Court has previously considered numerous issues involving Plaintiff's claims related to his serving as Administrator of his deceased brother's estate. On February 9, 2002, in In re: Ruth D. Kahn, United States Bankruptcy Court file No. BKY 99-42419, and Premier Bank Metro South v. Ruth D. Kahn, et al., United States Bankruptcy Court file No. ADV 99-4250, the Honorable Nancy C. Dreher, United States Bankruptcy Court Judge, issued Findings of Fact,

Conclusions of Law, and an Order for Summary Judgment against Plaintiff individually and as trustee of the Amadeus Irrevocable Trust. Marshall Aff. Ex. A. Judge Dreher held that:

> Hettler specifically admitted that the transfer of the Petters Notes to Kahn was and is valid and supported by consideration. He, thus, admits, and in fact asserts affirmatively, that neither he nor the Trust have any remaining interest in the Petters Notes. This admission eliminates any issue of material fact between Hettler and the trust, on the one hand, and Premier Bank and/or any of the remaining defendants, on the other, as to whether either Hettler or the Trust held any interest in the Petters Notes at the time of filing.

Marshall Aff. Ex. A ¶ 4 at 11. Judge Dreher further stated that "[a]s between Richard Hettler and/or the Amadeus Irrevocable Trust, on the one hand, and Premier Bank and/or any or all of the remaining defendants on the other, Richard Hettler and/or the Amadeus Irrevocable Trust have no lien or interest in the Petters Notes." Id. ¶ 3 at 15.

In its July 26, 2002 Order, this Court denied and dismissed numerous appeals by Plaintiff regarding his allegations of "fraud" in the INA bankruptcy case, and Plaintiff was precluded from again raising these allegations. July 26, 2002 Order at 6 (Marshall Aff. Ex. B). Specifically, Plaintiff was:

> ENJOINED from bringing any additional pleadings, motions, claims, or appeals before the United States District Court for the District of Minnesota or the United States Bankruptcy Court where the Trustee, John Stoebner, is a party <u>or where Hettler's claims in any way relate to the bankruptcy estate of INA Manufacturing Corporation or the subject matter of the litigation before this Court to date.</u>

7-26-02 Order at 11 (emphasis added).

In his current Complaint, Plaintiff alleges that he was defrauded and is owed the proceeds from the promissory notes that were the subject of Judge Dreher's February 9, 2002 Order. This is the same subject matter and claims that were the subject of this Court's July 26, 2002 Order, and the injunction against further pleadings, motions or claims of any kind <u>in any way</u> related to

3

the subject matter of Plaintiff's prior litigation. Accordingly, Plaintiff's Complaint is in violation of the July 26, 2002 Order, despite this Court's clear warning therein that "[s]hould Hettler choose to continue to file such suits in an unabated fashion, he risks monetary sanctions and a criminal contempt citation." Id. at 10. Defendants' Motion for Summary Judgment is granted, and Plaintiff's Complaint is accordingly dismissed with prejudice.

Because the instant Complaint was filed on July 25, 2002, albeit only one day prior to the Order enjoining such pleadings, no sanctions will be imposed at this time. This merely holds up the hammer by a thin string, however, as Plaintiff refused Defendants' request to voluntarily dismiss his Complaint in light of this Court's July 26, 2002 Order, and continues to abuse the litigation process. Plaintiff is forewarned that if he continues to file motions or claims in any way related to these issues, the hammer will fall and sanctions will be imposed.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment [Docket No. 10] is **GRANTED**, and
2. Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Date: December 4, 2002

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

4

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.