**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Richard J. Hettler, personally and as fiduciary for Credit Asset Management Group, LLC, as its trustee,

Plaintiff,

v.

Thomas Petters and Petters Company, Inc.,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 02-1837 ADM/SRN

---

Richard J. Hettler, *pro se*, made no appearance.

Andrew L. Marshall, Esq., Bassford Remele, P.A., Minneapolis, MN, argued for and on behalf of Defendants.

---

## I. INTRODUCTION

On June 13, 2005, oral argument before the undersigned United States District Judge was heard on Defendants Thomas Petters ("Petters") and Petters Company, Inc.'s (collectively, "Defendants") Motion for a Finding of Contempt of Court [Docket No. 42].

## II. BACKGROUND

Plaintiff Richard J. Hettler ("Hettler") commenced this action in July 2002 claiming that Defendants Thomas Petters and Petters Company, Inc. had defaulted on multiple promissory notes payable to him and that Petters had fraudulently misrepresented his intent and ability to repay the notes. Defendants asserted counterclaims against Hettler for injunctive relief, malicious prosecution, and abuse of process.

Prior to the instant litigation, in an order dated February 4, 2000, United States Bankruptcy Judge Nancy C. Dreher found that Hettler had asserted that his interest in the promissory notes allegedly issued by Mr. Petters had been transferred to Ruth Kahn.

On July 26, 2002, this Court issued an Order finding that Hettler's allegations of fraud "have been raised previously, litigated, and dismissed on the merits. He is precluded from raising these allegations again." In re INA Mfg. Corp., 2002 WL 1740700, *3 (D. Minn. July 26, 2002). The Order was affirmed on appellate review. 2003 WL 1841867, *1 (8th Cir. April 10, 2003), cert. denied, Hettler v. Stoebner, 540 U.S. 1011 (U.S. Nov. 10, 2003) (No. 03-6755). That Order enjoined Hettler from "bringing any additional pleadings, motions, claims, or appeals before the United States District Court for the District of Minnesota . . . where Hettler's claims in any way relate to the bankruptcy estate of INA Manufacturing Corporation or the subject matter of the litigation before this Court to date." Id. Concluding that he had abused the judicial process, Mr. Hettler was enjoined from further litigating the matter. On December 4, 2002, this Court granted Defendants' Motion for Summary Judgment [Docket No. 15] in the instant case and dismissed Hettler's claims. The Order specifically warned Hettler against filing any further motions or claims related to the litigated issues. On March 29, 2005, while Defendants were involved in the acquisition of Polaroid Corporation, this Court entered an Order [Docket No. 36] enjoining Hettler from maintaining contact with anyone connected to Defendants' acquisition efforts. Defendants' Counterclaims for injunctive relief, malicious prosecution, and abuse of process were not part of Defendants' motion and remain pending before this Court.

On May 2, 2005, Hettler filed a motion for what he termed an "expedited remand" with the Eighth Circuit requesting permission to intervene in Petters Co. v. Stayhealthy, Inc., Civil No. 03-3210

(JRT/FLN). The Stayhealthy litigation involves the default of a debt owed to business associates of Defendants, and in no way involves Hettler. Hettler's Motion sought intervention in order to seek damages on the same promissory notes which have been previously, and extensively, litigated by him. The Eighth Circuit denied Hettler's Motion on May 16, 2005. Despite this denial, Hettler filed a motion to intervene in the Stayhealthy litigation. Hettler's papers were refused by the clerk of the court and returned to him.

On June 9, 2005, Hettler apparently attempted to fax this Court a letter [Docket No. 51]. However, the letter was not received by the Court until June 13, 2005, shortly before the hearing on this matter. The letter claims confusion by Hettler as to this Court's earlier orders, specifically asserting he is not allowed to formally respond to Defendants' Motion or appear in court because this Court has prohibited any such action on his part. No order restricting responsive pleadings or court appearances has been issued by the Court.

**III. DISCUSSION**

> A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as –
>
> (3) Disobedience or resistence to its lawful writ, process, order, rule, decree or command.

18 U.S.C. § 401. A finding of civil contempt is an appropriate remedy for the violation of a court-issued injunction. Siebring v. Hansen, 346 F.2d 474, 477 (8th Cir. 1965). In the instant case, Hettler's attempt to intervene in the Stayhealthy litigation violates this Court's Order of July 26, 2002, which clearly prohibited Hettler from filing any further pleadings, motions, claims or appeals related to promissory notes which were the subject matter of that litigation. There is no dispute that Hettler's

actions to intervene in Stayhealthy were an attempt to file a motion related to the promissory notes. As a result, Hettler violated the July 26, 2002 injunction.

The Court is hesitant to impose sanctions on Hettler without a fair opportunity for him to be heard. Due to Hettler's claim of confusion regarding the Court's past orders, he will be given the opportunity to appear before this Court on July 5, 2005, at 1:30 p.m., to show cause as to why his actions in regard to the Stayhealthy matter are not in contempt of court. Hettler's appearance in Court at that time will not violate any orders previously issued by this Court. In the alternative, Hettler is required to pay a $5,000 fine to the Court. Failing his appearance in court at the designated time or payment to this Court by the hearing time, the United States Marshalls will be directed to arrest Hettler to serve a ten day incarceration period.

## IV. CONCLUSION

Based on the foregoing, and all files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for a Finding of Contempt of Court [Docket No. 42] is **GRANTED** with the following conditions:

1. Plaintiff Richard J. Hettler may appear in Court on July 5, 2005, at 1:30 p.m., to show cause as to why he should not be held in contempt of court; or

2. Plaintiff Richard J. Hettler may pay this Court a fine in the amount of $5,000; or

3. Failing either of these options, Plaintiff Richard J. Hettler will serve a ten day period of incarceration.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 21, 2005.